The opinion of the Court was delivered by
Whitner, J.
The case of Swindler vs. Hilliard Brooks, 2 Rich. 286, was well considered, and fully sustains the present decision. Whilst in this State we recognize the doctrine, that a carrier may limit, by special contract, his common law liabilities, there is not the slightest disposition further to modify the rules justly applicable to such transactions. Learned Judges, in England and America, have regretted the' recognition of such exceptions. Thé exacting tendencies of certain great carriers of the present day, enjoying facilities that *203 almost exclude competition, admonish us, in the application of these wholesome rules, carefully to guard against any abuses. Notwithstanding their apparent rigor, there is a salutary policy in these common law doctrines, and those who are called to administer the law must see to it that they are not wholly evaded.
It is only necessary to bear in mind that the character of the carrier is not changed : his liability only, to the extent of the exceptions, is diminished. In all things else the very same principles apply. Care and diligence are still elements of the contract, and “strict proof” is properly required before any exemption may be claimed. There is nothing in the contract which, by implication even, can be regarded as making it otherwise. That is a sound rule which 'devolves the onus on him who best knows what the facts are. In cases of loss, proof of delivery devolves at once on the carrier, the onus of exempting himself from liability — and nothing can be. more reasonable— before he can take shelter under an exception, to require proof of his care. In the bill of lading before us, “ rust and breakage” are excepted — words of singular import, and, in one sense, might be supposed to cover any injury, unless the purpose was to make the owner his own insurer; however gross the negligence of the carrier, we are brought back to the same point, that the exception includes such breakage as eare and diligence could not avoid. However, the legal principles of our eases being scarcely challenged, unless in a very general way, the grounds of appeal seem to complain that they have been rather rigorously applied. When- it is insisted that a particular fact being shown, the onus was thereby shifted, this is but another form of asserting that a sufficient excuse was proved.
We are disposed to rest this part of the case on the view taken" of the evidence by the presiding Judge. The motion for a new trial is refused.
O’Neall, Wardlaw, and Withers, JJ., concurred.

Motion refused.